McCRACKEN v. McCRACKEN. (No. 1761.)

Court of Civil Appeals of Texas. Beaumont. Nov. 22, 1928.

Jas. A. Harrison, of Beaumont, for appellant.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellee.

O'QUINN, J. Appellant sued appellee for divorce and to set aside and cancel certain deeds and for a partition of community property. On a trial before the court without a jury, judgment was entered canceling the deeds in question and partitioning the community property, but denying a divorce to appellant. Appellant excepted to that part of the judgment denying her a divorce; gave notice of appeal, and perfected same. Appellee excepted to that part of the judgment canceling the deeds and partitioning the community property, gave notice of appeal, and filed an appeal bond, but has made no appearance in this court, and so his appeal is not before us for consideration.

Appellant and appellee were married in 1914, and lived together until the latter part

of May, 1927, when by agreement they separated. They executed a separation agreement in writing, in which appellant agreed to join appellee in conveying their community property to a third person as trustee, said property to be by said trustee conveyed to appellee, same to be held by appellee as his separate property. The deed to the trustee was executed by appellant, and appellee and the trustee promptly conveyed the property to appellee. It is shown, also, that it was understood that appellee was to institute suit for divorce from appellant. The separation and divorce of the parties constituted the consideration for the execution of the separation agreement and the deeds mentioned. Appellee not having instituted the divorce suit, and because of matters that occurred after the separation, appellant brought this suit for divorce on the sole ground of cruel treatment, and, in addition to seeking a divorce, appellant prayed that the deeds above mentioned be canceled and held for naught, and that she have a partition of the community estate.

The only question before us is the refusal of the trial court to grant appellant a divorce. We gather from the record that the court's refusal of divorce was based upon the conduct of appellant before separation, and perhaps that the assaults of appellee upon appellant, alleged as the ground for divorce, were provoked. The undisputed evidence shows that, some time after their separation, appellant one night went to their home, and asked appellee why he had not brought suit for divorce, and he then and there assaulted appellant and choked her, and only desisted because of her screams. This he did not deny, but said, "I didn't hurt her very seriously, because she was able to walk on home." Shortly after that appellant, accompanied by a lady friend, went to their home in the daytime, and asked permission of the yard man to go into the house for the purpose of getting some insurance papers that belonged to her, for the purpose, she says, of changing the beneficiary from her said husband to her mother, and, after securing the papers, she left, and shortly appellee came in, and, upon being told that she had been there and had gotten the insurance papers, he got in his car and followed them, and overtook them on one of the streets of the city of Beaumont, and stopped them, and began abusing them and calling them "whores." The lady companion of appellant struck him because he called her a "whore," and he got out of his car and seized her, when appellant called to her lady friend, saying, "Come on Doris, don't talk to the dirty old thing," whereupon appellee assaulted appellant and struck her, and knocked her into a ditch and threatened to kill her. A charge of assault was made against appellee, and he pleaded guilty and paid a fine. His explanation of why he assaulted his wife on this occasion was that he

thought she called him "Daddy," as that was what she usually called him while they were living together. Appellee admitted that, while his wife was in San Antonio shortly after their separation, she had written him, wanting to come back, and that he wrote her he would not take her back, and testified that he would not live with her. He said, "The fact is that right now, no matter who is right or who is wrong, the fact is that the situation between me and my wife is such that we can never live together again as husband and wife. I would not have her and I have told her so."

We do not think it necessary to go into matters that occurred before and led up to the execution of the separation agreement and final separation in pursuance thereto. Appellant's suit for divorce is based upon cruel treatment after separation, but while they were still husband and wife. Whether appellant conducted herself with propriety and had performed her marital duties with fidelity, as she should while living with appellee as his wife, was wholly immaterial to her right to a divorce on the ground and for acts of cruelty to her by appellee committed after separation. Allen v. Allen (Tex. Civ. App.) 128 S. W. 697; Steele. v. Steele (Tex. Civ. App.) 257 S. W. 300. The assaults and batteries committed by appellee upon appellant were unlawful, unprovoked, and inexcusable, and such as to put appellant in fear of her life, as she testified she was. Whatever may have been her conduct before separation, or however may have been the mutuality of the bickerings of appellant and appellee prior to the execution of the separation agreement and consequent separation of the parties, the undisputed record shows that appellee not only connived at, but agreed to, the separation for and in consideration of appellant giving up all claim she had to her half of the community property acquired during thirteen years of marital endeavor, and conveyed same to him, with the additional understanding that a divorce would be had, and that he would be forever rid of any duty he owed to appellant. In addition to this, the admitted unlawful violent and personal assaults committed by him upon appellant, without provocation, and his emphatic denouncing of appellant in abusive and slanderous terms, and his refusal to permit her to return to him, we think beyond question constituted ample grounds as a matter of law for divorce, and that the court erred in not so declaring. Hence it follows that the judgment denying appellant a divorce should be reversed, and judgment here rendered for appellant. Jernigan v. Jernigan, 37 Tex. 420; Rice v. Rice, 31 Tex. 174; Reilly v. Reilly (Tex. Civ. App.) 233 S. W. 379; Eastman v. Eastman, 75 Tex. 474, 12 S. W. 1107.

Accordingly, the judgment is reversed, and judgment here rendered for appellant for divorce.