# Richmond

## LILLIAN GILBERT BLEVINS

### V.

## JAKE S. BLEVINS

March 11, 1983.

Record No. 801764.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,*
Stephenson, and Russell, JJ.

---

* Justice Thompson participated in the hearing and decision of this case prior to the effective date of his retirement on March 2, 1983.

*(Janet H. Thurston; Copeland & Thurston, P.C.,* on briefs), for appellant.
*(Randall A. Eads* on brief), for appellee.
Case submitted on briefs.

CARRICO, C.J., delivered the opinion of the Court.

In a bill of complaint filed in the court below, Lillian Gilbert Blevins sought a divorce from her husband, Jake S. Blevins, on the alternative grounds of constructive desertion and one year's separation; she also sought support and maintenance, attorney's fees, and costs. By a subsequent amendment to her bill of complaint, Mrs. Blevins added a charge of adultery as a ground of divorce. Responding, Mr. Blevins denied his wife's allegations and, in a cross-bill, prayed that he be granted a divorce on the ground that Mrs. Blevins deserted him.

By final decree entered July 29, 1980, the trial court awarded the parties a divorce from one another on the ground of one year's separation. The decree also provided that Mrs. Blevins "shall continue to receive her monthly social security and black lung benefits as her sole spousal support."

The record shows that the parties were married September 16, 1959, and that they separated August 3, 1978. At the time Mrs. Blevins filed her bill of complaint, she was seventy-five years of age and Mr. Blevins was sixty-seven. Neither was employed. She received Social Security benefits of $176 monthly in her own right and black lung benefits of $127 per month as a dependent of Mr. Blevins. He was a retired miner receiving $954 monthly in union pensions and Social Security and black lung benefits. He held life estates in two parcels of land he conveyed to his children following his separation from Mrs. Blevins.

On appeal, Mrs. Blevins contends she established that she was entitled to and in need of support from her husband and that he was able to contribute to her maintenance. She argues that, by limiting her to benefits she was already receiving, the trial court imposed "no obligation whatsoever" upon Mr. Blevins and made no real provision for her support.

On the other hand, Mr. Blevins contends that he proved Mrs. Blevins deserted him and that the trial court "would have been

justified in awarding [him] a divorce . . . upon the grounds of willful desertion and abandonment . . . ." Mr. Blevins argues that, under the no-fault divorce provisions of Virginia law, a spouse is not entitled to support if there exists against him or her a fault ground of divorce.[1] Hence, Mr. Blevins concludes, the trial court was not required to award Mrs. Blevins any support and maintenance.

A basic fallacy in Mr. Blevins' argument renders his position untenable; the trial court did not find that the separation in this case was caused by the fault or misconduct of Mrs. Blevins. Absent such a finding, Mr. Blevins is not relieved of his obligation to support Mrs. Blevins. *Brooker* v. *Brooker,* 218 Va. 12, 13, 235 S.E.2d 309, 310 (1977); *accord Bristow* v. *Bristow,* 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980).

Alternatively, Mr. Blevins argues that the provisions of the final decree relating to Social Security and black lung benefits constitute "an adjudication as to support and maintenance for [Mrs. Blevins]." This adjudication, Mr. Blevins maintains, was reasonable under the circumstances.

We disagree. It is undisputed that Mrs. Blevins was entitled to the Social Security benefits in her own right, unaffected by the provisions of the final decree. Hence, these benefits cannot be considered as spousal support.

With respect to the black lung benefits, they would continue after the divorce only if (a) Mrs. Blevins received at least half her support from Mr. Blevins, (b) she received substantial contributions from him pursuant to a written agreement, or (c) there was in effect a court order requiring him to make substantial contributions to her support. 20 C.F.R. § 410.351 (1982); 20 C.F.R. § 725.207 (1982).[2]

---

[1] Code § 20-91(9)(c) provides that "[a] decree of divorce granted pursuant to [the provisions of] subsection (9) shall in no way lessen any obligation any party may otherwise have to support the spouse unless such party shall prove that there exists in the favor of such party some other ground of divorce under this section or § 20-95."

[2] Mr. Blevins cites sections in Part 400 of Title 20 of the Code of Federal Regulations, and Mrs. Blevins cites sections in Part 725. Part 400 would apply to this case if Mr. Blevins' claim for black lung benefits was filed pursuant to a 1969 act of Congress, as amended in 1972; Part 725 would apply if the claim was filed pursuant to a 1977 act, as amended the same year. The record contains no information that would indicate under which act Mr. Blevins' claim was filed, and the briefs are not helpful in resolving the problem. It is irrelevant which act is applicable, however; the language of the Part 400 sections cited in this opinion is substantially the same as the wording of the Part 725 sections also cited.

██ Mr. Blevins does not contend that Mrs. Blevins qualifies for continued black lung benefits under (a) or (b) above. He argues, however, that the "final divorce decree is in effect a Court Order [within the meaning of (c)] for substantial contribution to be furnished to [Mrs. Blevins] by [Mr. Blevins] since her qualification for Black Lung Benefits was a result of the husband's earnings while employed as a miner."

This is mere bootstrapping on Mr. Blevins' part. Under another applicable regulation, the "term 'contributions' refers to contributions actually provided by the contributor from his own property, or the use thereof, or by the use of his own credit." 20 C.F.R. § 410.395(b) (1982); 20 C.F.R. § 725.233(b) (1982). Clearly, black lung benefits themselves do not constitute contributions within this definition. It follows that the provisions of the final decree disqualify Mrs. Blevins from receiving continued black lung benefits.[3] Hence, it was error for the trial court to consider these benefits as spousal support.

██ The record demonstrates Mrs. Blevins' need for support in addition to the amounts she received in government benefits. As she points out on brief, however, the trial court made no findings with respect to the extent of her needs or the ability of Mr. Blevins to contribute to her support. This was error. Accordingly, we will reverse the decree appealed from insofar as it failed to make such findings. We will remand the case for an adjudication concerning support for Mrs. Blevins, consistent both with the views expressed in this opinion and with the provisions of Code § 20-107.[4] *Lancaster* v. *Lancaster,* 212 Va. 127, 127-28, 183 S.E.2d 158, 158-59 (1971).[5]

*Reversed and remanded.*

---

[3] Mrs. Blevins states on brief that, subsequent to the entry of the final divorce decree in this case, her "black lung check was no longer issued" after Mr. Blevins' "new wife" applied for black lung benefits as a dependent spouse.

[4] Code § 20-107, which contained factors a trial court should consider in determining spousal support, was repealed in 1982 and replaced in part by Code § 20-107.1. The new legislation, however, "shall not affect any pending litigation." Acts 1982, ch. 309.

[5] Mrs. Blevins also complains that the trial court erred in the amounts it allowed her for attorney's fees and costs. The court awarded Mrs. Blevins a total of $750 in attorney's fees and $275 in costs. These were matters resting in the court's sound discretion, and we do not believe this discretion was abused.