**Salem**

HUBERT LEE WALLACE, JR.

v.

KATHLEEN HOSTETTER WALLACE

No. 0055-85

Argued June 4, 1985

Decided November 6, 1985

COUNSEL

Michael S. Irvine (Robey and Irvine, on brief), for appellant.

Ellen M. Arthur (The Legal Aid Society of Roanoke Valley, on brief), for appellee.

OPINION

**DUFF, J.**—The question to be resolved in this appeal is whether the appellee, Kathleen Hostetter Wallace, is barred by the provision of Code § 20-107.1 from receiving spousal support where her husband, appellant, Hubert Lee Wallace, alleged she had committed adultery fifteen years after the parties separated, but the evidence showed that Mr. Wallace was, in fact, responsible for the termination of the marriage. The trial court found that she was entitled to support, and we affirm.

Mr. and Mrs. Wallace were married October 28, 1955. For all intents and purposes, the marriage terminated in 1970, when the parties separated. Mr. Wallace left his family after being ordered by the juvenile and domestic relations court to make payment of child and spousal support. While he apparently complied with the court-ordered support over the years (although not always faithfully or timely), he displayed no other indicia of interest in his family other than occasional Christmas gifts and providing medical insurance coverage through his employer for his wife and two sons. Both sons testified that their mother alone reared and provided for them.

. After the separation, there were isolated incidents of sexual intercourse between the parties until approximately six years ago. These ceased when Mrs. Wallace discovered that her husband was living with another woman. Mr. Wallace, even after that, would

occasionally appear at Mrs. Wallace's home intoxicated and spend the night, although she denied that sexual intercourse occurred. These episodes ceased over two years ago.

In October, 1983, Mr. Wallace filed a Bill of Complaint for a no-fault divorce under Code § 20-91(9). Mrs. Wallace filed an answer admitting the factual allegations and requesting support for herself and a minor son. At depositions, both Mrs. Wallace and a witness, Jackie Rogers, refused to answer questions regarding any sexual relationship between them, but admitted to having been acquaintances and neighbors for about two years.

At an *ore tenus* hearing on November 5, 1984, Mrs. Wallace denied any sexual relationship with Rogers prior to November 1983, but asserted her Fifth Amendment privilege by refusing to answer such questions for the one year period prior to the hearing, the statutory limitation for prosecution of misdemeanors in Virginia. Counsel moved that Mrs. Wallace either be ordered to answer the questions, despite her claim of Fifth Amendment privilege, or have her evidence in support of her claim stricken.

By a written opinion dated November 15, 1984, the motions were denied. The court reasoned that Mr. Wallace had not sought equity with clean hands, and found that he was responsible for the disintegration of the marriage fifteen years earlier, had lived with other women, had done little to contribute to his family's welfare, was not entitled to a fault-grounded decree of divorce, and, therefore, could not bar his wife's claim for spousal support. The court then granted Mr. Wallace a no-fault divorce and fixed spousal and child support. This appeal followed.

Pertinent to our inquiry is that portion of Code § 20-107.1 which provides:

> and no permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under any provision of § 20-91(1), (3) or (6) or § 20-95.

Similar language is found in Code § 20-91(9)(c) and in former Code § 20-107. The Supreme Court of Virginia has had occasion to interpret these code provisions in a number of cases.

In *Thomas* v. *Thomas,* 217 Va. 502, 504, 229 S.E.2d 887, 889 (1976), the court cited *Rowand* v. *Rowand,* 215 Va. 344, 346, 210 S.E.2d 149, 150-51 (1974) and said:

> Here, since the wife has established her need for support and the husband's ability to provide it, and she was not shown to be guilty of *misconduct entitling her husband a divorce,* the chancellor had no choice but to award the wife support and maintenance. (emphasis added).

More apropos to the precise issue is the Supreme Court's comment in *Brooker* v. *Brooker,* 218 Va. 12, 13, 235 S.E.2d 309, 310 (1977):

> When a divorce is granted under Code § 20-91(9), the husband is not relieved of his obligation to support his wife unless it is shown that the separation was caused by such fault or misconduct on her part as to constitute ground for a divorce under other provisions of Code § 20-91.

And in *Blevins* v. *Blevins,* 225 Va. 18, 21, 300 S.E.2d 743, 745 (1983), the court observed:

> A basic fallacy in Mr. Blevins' argument renders his position untenable; the trial court did not find that the separation in this case was *caused* by the fault or misconduct of Mrs. Blevins. Absent such a finding, Mr. Blevins is not relieved of his obligation to support Mrs. Blevins. (emphasis added).

Mr. Wallace places much reliance on *Coe* v. *Coe,* 225 Va. 616, 303 S.E.2d 923 (1983). However, a careful reading of *Coe* reveals such reliance to be misplaced. There, the court was essentially faced with a procedural issue, that is, whether the trial court correctly permitted the husband to amend his bill of complaint to allege adultery committed by the wife nine months after the separation but prior to any testimony being taken in the case. Answering in the affirmative, the Supreme Court commented as follows:

> The statutorily mandated waiting period in Code § 20-121 between the time separation occurs and the time a final decree of divorce can be granted is designed primarily to give

the parties an opportunity to reconcile and to determine if they desire the separation to be final. The commission of adultery during that period by either party to a marriage in trouble is the one act *most likely to frustrate and prevent a reconciliation.* (emphasis added).

*Id.* at 620, 303 S.E.2d at 925-26.

Similarly, *Rosenberg* v. *Rosenberg,* 210 Va. 44, 168 S.E.2d 251 (1969) involved the propriety of the chancellor disallowing the filing of an amended and supplemental bill of complaint for alleged adultery occurring after the original bill was filed. The court reversed, holding that the amended and supplemental bill asked for the same relief, merely alleging an additional ground. Both *Coe* and *Rosenberg* are distinguishable on the issues involved, as well as the facts, and are not controlling.

The trial court did not err in denying Mr. Wallace's motion to require Mrs. Wallace and Rogers to answer the questions posed to them regarding adultery. The record amply supports the court's opinion that it was Mr. Wallace's own fault and misconduct that caused the termination of the marriage. Assuming *arguendo* that her answers would have been incriminatory, Mrs. Wallace, nonetheless, could have asserted the doctrine of recrimination and prevented her husband from obtaining a fault divorce. The questions posed were simply immaterial. With neither party entitled to a fault divorce, the obligation to support a spouse continues. *Brooker,* 218 Va. at 13, 235 S.E.2d at 310.

Accordingly, the decree appealed from is

*Affirmed.*

Barrow, J., and Coleman, J., concurred.