**Richmond**

GLENN CHARLES SURBEY

v.

DEBRA MARIE SURBEY

No. 0339-86

Decided October 6, 1987

120

COUNSEL

John M. DiJoseph, for appellant.

David L. Duff (Connor & Duff, on brief), for appellee.

OPINION

**BAKER, J.** — This is an appeal from a decree entered in the Circuit Court of Fairfax County (trial court) which awarded a divorce *a vinculo matrimonii* to Glenn C. Surbey (husband) pursuant to the provisions of Code § 20-91(9)(a). Husband argues that the trial court erred in requiring him to pay spousal support to Debra M. Surbey (wife) because he proved that she committed adultery subsequent to their separation and prior to the entry of any decree of divorce in this cause. In support of his contention, he relies on Code § 20-107.1;[1] *Coe v. Coe*, 225 Va. 616, 303 S.E.2d 923 (1983); and *Rosenberg v. Rosenberg*, 210 Va. 44, 168 S.E.2d 251 (1969). In support of the trial court's decision, wife relies, in part, on *Wallace v. Wallace*, 1 Va. App. 183, 336 S.E.2d 27 (1985).[2]

---

[1] Code § 20-107.1 authorizes the trial court to award spousal support subject to the provision that "no permanent maintenance or support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under the provisions of § 20-91(1), (3), or (6) or § 20-95."

[2] That opinion specifically limited its conclusion to "the peculiar facts of (that) record" which differ from those contained in the record before us.

The parties married on May 11, 1981 and separated on April 21, 1984. Husband filed a bill of complaint on April 30, 1984, charging that wife's cruel conduct was tantamount to constructive desertion, thereby forcing him to leave the residence at which they last cohabited. Wife responded, charging that husband deserted her without cause and, in addition, was guilty of adultery both before and after their separation. Husband's answer denied wife's allegations and further pled condonation as a defense to the adultery charge. On May 30, 1985, the trial court referred the cause to a commissioner in chancery for "report and recommendations with respect to all issues and questions raised in these proceedings."

The record amply establishes misconduct on the part of both parties prior to their separation on April 21, 1984. The record also discloses that subsequent to their separation each party employed a private detective for the purpose of gathering evidence to be used against the other at trial. The detectives' investigations revealed continued misconduct by both husband and wife after their April 21, 1984 separation.

In a motion filed on October 18, 1985, husband requested and received permission to file an amended bill of complaint adding a charge that wife had committed adultery on February 7 and March 7, 1985. Wife filed an answer denying the charge.

After hearing testimony and receiving arguments of counsel on January 29, 1986, the commissioner filed his report with the trial court. His pertinent findings and recommendations were as follows:

1. In addition to the grounds alleged by the parties each party requested a divorce on the grounds provided in Code § 20-91(9)(a).

2. That husband committed adultery prior to the separation, however, this was made known to wife and she condoned that misconduct.

3. That both parties were at fault in causing the separation.

4. That both parties were guilty of adultery subsequent to their separation.

5. That neither party can meet the requirements of the "clean hands" doctrine, and recrimination bars each from using adultery as a fault ground on which to be granted a divorce.

6. That a divorce be granted because the evidence discloses a ground contained in Code § 20-91(9)(a).

7. No recommendation was made as to spousal support.

Neither party excepted to the report of the commissioner. An examination of the record in this cause amply supports the findings and recommendations contained in the commissioner's report which was "sustained in its entirety" by the trial court. Husband objected to the decree only as to the award of spousal support. Wife excepted to the decree "in part" without designating the basis therefor; however, in her brief on appeal she abandoned her objection.

■ By sustaining the commissioner's report the trial court made a finding that both parties were guilty of post-separation adultery. The judgment of the trial court will not be disturbed on appeal unless the record discloses that it is plainly wrong or without evidence to support it. *Dodge v. Dodge*, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986); Code § 8.01-680. We find that there is sufficient evidence to support the judgment of the trial court sustaining the commissioner's report that both parties committed adultery subsequent to their separation.

■ Under some circumstances, post-separation adultery may give the deserting party ground to obtain a decree of divorce *a vinculo matrimonii. Haskins v. Haskins*, 188 Va. 525, 533-34, 50 S.E.2d 437, 441 (1948). In such cases, a determination of which litigant caused the separation is not controlling of the outcome of the case. *Id.* at 533, 50 S.E.2d at 441. Wife contends, however, that because both parties committed adultery after their separation the principles of recrimination prevent husband from using her adulterous conduct to bar her claim for spousal support when the ground for granting the divorce was that contained in Code § 20-91(9)(a).

Recrimination in divorce law is the defense that the applicant has himself done what is ground for divorce. It bars the plaintiff's suit founded on whatever cause, whether the defendant is guilty or not.

In Virginia, if it be established that one spouse has been guilty of cruelty, or of desertion for a period insufficient to justify an absolute divorce, those offenses, for which merely a divorce a mensa et thoro may be granted, grave though they may be, are not sufficient to bar the right of the other spouse to a divorce from the bonds of matrimony if the statutory grounds for that relief be sufficiently proved. Further, the statutes of both states [Virginia and West Virginia] provide that a plea of recrimination with respect to any other ground of divorce shall not be a bar to either party obtaining a divorce on the ground of separation.

6A Michie's Jurisprudence *Divorce and Alimony* § 26 (1985). It is apparent that under the facts of the case before us neither husband nor wife could use adultery as a ground for divorce, each being barred by the doctrine of recrimination.[3]

██ The divorce in this case was granted on the ground of separation without cohabitation for more than one year. Code § 20-91(9)(a). Code § 20-91(9)(c) provides:

A decree of divorce granted pursuant to this subdivision (9) shall in no way lessen any obligation any party may otherwise have to support the spouse unless such party shall prove that there exists in the favor of such party some other ground of divorce under this section or § 20-95.

The question we must answer is did there exist in favor of either party some other ground for divorce under Code §§ 20-91 or 20-95. We hold that because neither party is entitled to successfully assert adultery as a ground for divorce, and because there was a finding supported by the evidence that both parties were at fault in causing the separation, there did not exist a ground for divorce under any other section of the Code except § 20-91(9)(a). The right to spousal support is not affected by an award of a no-fault

---

[3] *Coe* and *Rosenberg* cited by husband in support of his position are distinguishable from the case before us in that neither involved recrimination.

divorce since neither party's duty of support is affected absent a finding of fault on one party or the other. *See Blevins v. Blevins*, 225 Va. 18, 21, 300 S.E.2d 743, 745 (1983); *Dukelow v. Dukelow*, 2 Va. App. 21, 25, 341 S.E.2d 208, 210 (1986). We construe the word "fault" as used in these cases to mean grounds which legally may be used by one party as a basis for obtaining a divorce from the other party.

Husband does not argue that there was no showing of need for support or a lack of his ability to pay the sum awarded. Therefore, the trial court did not err in awarding spousal support to wife.

Accordingly, the judgment of the trial court is

*Affirmed.*

Koontz, C.J., and Benton, J., concurred.