**Norfolk**

STEWART WAYNE DAVIS

v.

DONNA JEAN MOONEY DAVIS

No. 1506-87-1

Decided March 7, 1989

COUNSEL

Sterling H. Weaver, Sr., for appellant.

Donald G. Wise, for appellee.

OPINION

COLE, J.—Donna Jean Mooney Davis filed a bill of complaint against Stewart Wayne Davis in the Portsmouth Circuit Court on April 30, 1986, alleging that the parties had separated on April 10, 1986, that Stewart was guilty of constructive desertion as of

that date, and that he was guilty of cruelty on April 26, 1986, by virtue of a felonious assault upon her. She prayed for a bed and board divorce decree, spousal support, an equitable distribution of property under Code § 20-107.3, attorney's fees and court costs.

Stewart filed an answer and cross-bill. He admitted the parties had lived separate and apart since April 10, 1986, but denied all other allegations of the bill of complaint. In his cross-bill he alleged that Donna had willfully deserted him on April 10, 1986, and requested that the court grant him a bed and board divorce based upon the ground of desertion. Donna filed an answer to the cross-bill denying the allegation of desertion. On appeal, the husband presents three issues: (1) whether the trial court erred in granting the wife a final divorce on the ground that the parties lived separate and apart for one year and in refusing to grant the husband a divorce on the ground of desertion; (2) whether the trial court erred in awarding the wife spousal support in the amount of $200 monthly; and (3) whether it was error to award the wife attorney's fees in the amount of $3,500.

The cause was referred to a commissioner in chancery, who found that the husband and wife had lived separate and apart for one year since April 10, 1986. He further found that the wife was without fault in the dissolution of the marriage and recommended that the husband's cross-bill be dismissed. The husband contends that the wife did not prove constructive desertion on April 10, 1986, because her only complaints were that he failed to tell a former girlfriend not to call him on the telephone, he secured and charged items on charge cards in her name and he once left her child by a previous marriage unattended in his vehicle. The husband argues that these acts do not amount to constructive desertion because they do not constitute conduct on his part that would entitle the wife to a divorce. Upon our review of the record, we agree that the wife was guilty of desertion on April 10, 1986, when she left the home, and the husband was entitled to a divorce from bed and board on the ground of desertion.

It is undisputed, however, that on April 26, 1986, while the parties were living separate and apart, the husband shot the wife in the back, causing her to be paralyzed from the waist down and confined to a wheelchair. As a result of the shooting, the wife has a heart condition and is incontinent. She is unable to work and requires special accommodations because of her handicap. The

husband was convicted for the shooting and use of a firearm in the commission of a felony and sentenced to twelve years in the penitentiary.

■ The general rule in Virginia is that a single act of physical cruelty will constitute grounds for divorce if it is so severe and atrocious as to endanger life, if it indicates an intention to do serious bodily harm, if it causes reasonable apprehension of serious danger in the future, or if the precedent or attendant circumstances show that the acts are likely to be repeated. *DeMott v. DeMott*, 198 Va. 22, 28, 92 S.E.2d 342, 346 (1956). The husband's shooting of the wife was reprehensible and unwarranted. It was so severe and atrocious that it endangered her life and caused her to sustain serious and permanent injuries. The wife's bill of complaint alleged the act of shooting on April 26, 1986, and prayed for a divorce on the ground of cruelty. We hold that this single act of physical violence constituted cruelty for which a bed and board decree could be decreed under Code § 20-95.

■ However, in argument before us, the husband contended that he could not be found guilty of cruelty for misconduct occurring after the date of separation of the parties. We disagree. Most authorities agree that misconduct in the form of cruelty occurring while the parties are living separate and apart may constitute grounds of divorce. I. W. Nelson, Divorce and Annulment § 6.14 (2d ed. 1945); *cf. Surbey v. Surbey*, 5 Va. App. 119, 360 S.E.2d 873 (1987). *See generally Koch v. Koch*, 62 Nev. 399, 152 P.2d 430 (1944); *Smith v. Smith*, 157 Pa. Super. 582, 43 A.2d 371 (1945); *Kosanke v. Kosanke*, 30 Wash.2d 523, 192 P.2d 337 (1948); *McCracken v. McCracken*, 11 S.W.2d 397 (Tex. Civ. App. 1928); *Palmanteer v. Palmanteer*, 11 Cal.2d 570, 81 P.2d 910 (1938); *Cohen v. Cohen*, 194 Ga. 573, 22 S.E.2d 132 (1942); 24 Am. Jur. 2d *Divorce and Separation* § 38 (1983).

In summary, we find that the facts supported the conclusion that the wife deserted the husband on April 10, 1986. We further find that the wife was entitled to a bed and board divorce decree on the ground of cruelty as of April 26, 1986, because of the husband's shooting assault.

■ We next address the issue whether recrimination bars the granting of a divorce to either party. Our Supreme Court was first confronted with the doctrine of recrimination in *Kirn v. Kirn*, 138

Va. 132, 120 S.E. 850 (1924). The Court defined it as follows: "Recrimination in divorce law is the defense that the applicant has himself done what is ground for divorce either from bed and board or from the bond of matrimony. It bars the suit founded on whatever cause, whether the defendant is guilty or not." *Id.* at 134, 120 S.E. at 851. The court adopted the view that a ground for divorce from either bed and board or the bond of matrimony was sufficient, in recrimination, to bar a suit. Since that decision, the General Assembly has provided that a ground of divorce from bed and board will not bar any ground otherwise justifying a divorce from the bonds of matrimony. This provision is now codified in Code § 20-117.[1] The *Kirn* rule subsequently was modified by the Supreme Court to conform to the statute. *See Haskins v. Haskins*, 188 Va. 525, 534, 50 S.E.2d 437, 441 (1948). In *Haskins*, the Supreme Court, recognizing the state public policy announced in the statute, concluded that "any ground merely justifying a divorce from bed and board does not constitute a defense by way of recrimination to a suit based upon a ground made by statute sufficient to justify an absolute divorce." *Id.* at 535, 50 S.E. at 441.

■ *Kirn*, however, was not overruled in its entirety. Recrimination remains a defense in some cases. If the plaintiff alleges misconduct that will constitute grounds for a divorce from the bonds of matrimony, his or her application may be barred, in recrimination, by proof that he or she was guilty of conduct that could be a basis for the defendant to obtain a divorce from the bonds of matrimony. A typical example would be adultery committed by both parties. *See Surbey*, 5 Va. App. at 123, 360 S.E.2d at 875. We hold that the husband's suit on the ground of willful desertion was proven, but that the defense of cruelty, in recrimination, bars the granting of a divorce to him. We further hold that the wife's suit on the ground of cruelty was proven, but that the defense of desertion, in recrimination, bars the granting of a divorce to her. Because both parties were at fault, the only ground for divorce is

---

[1] Code § 20-117 reads as follows:

The granting of a divorce from bed and board shall not be a bar to either party obtaining a divorce from the bonds of matrimony on any ground which would justify a divorce from the bonds of matrimony if no divorce from bed and board had been granted, unless the cause for absolute divorce was existing and known to the party applying for the divorce from the bonds of matrimony before the decree of divorce from bed and board was entered.

their separation. *See* § 20-91(9)(a). The trial court properly refused to grant either party a divorce based upon fault, but granted the divorce on the ground that the parties had lived separate and apart without any cohabitation or interruption for one year. We find no error in this no-fault award.

The husband further maintains that the trial court erred in ordering him to pay $200 per month spousal support to his wife. He does not challenge the amount of the award. His argument is that he should have been awarded a divorce on the ground of desertion and therefore, that he is not required to pay spousal support. We have disposed of this argument by holding that he was not entitled to a fault based divorce. The right to spousal support is not affected by an award of a no-fault divorce; a party's duty of support is affected only upon a finding of fault on the part of the other party. *Dukelow v. Dukelow*, 2 Va. App. 21, 25, 341 S.E.2d 208, 210 (1986); *see also Surbey*, 5 Va. App. at 123, 360 S.E.2d at 876; *Blevins v. Blevins*, 225 Va. 18, 21, 300 S.E.2d 743, 745 (1983).

Finally, the husband claims that the trial judge erred in ordering him to pay $3,500 in fees to the wife's attorney because she was at fault in causing the dissolution. He also contends that her attorney failed to justify such a large fee because he did not itemize the dates and times of his services to her. We have already decided the fault issue adversely to the husband's position.

[T]he key to a proper award of counsel fees [is the] reasonableness under all of the circumstances . . . . Although evidence of time expended by counsel and the charges made to the client is the preferred basis upon which a trial judge can formulate a reasonable award, it is not the only basis.

*McGinnis v. McGinnis*, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985); *see also Westbrook v. Westbrook*, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988). A trial court is aware of the usual charges within its jurisdiction, and "a relatively modest award may be found to be reasonable." *Westbrook*, 5 Va. App. at 458, 364 S.E.2d at 530. An award of attorney's fees to a party in a divorce suit is a matter for the exercise of the trial court's sound discretion after consideration of the circumstances and equities of the entire case. *Wagner v. Wagner*, 4 Va. App. 397, 411, 358 S.E.2d 407, 414 (1987).

The case at bar was a vigorously contested action. The trial judge was aware of the abundant discovery, the number of hearings, the proceedings before the commissioner in chancery, the exceptions taken to his report, and all of the other circumstances surrounding this case. Although we would prefer to see an accounting of the time expended and services rendered documented in the record, we cannot say that the chancellor abused his discretion in fixing the fee at $3,500.

Accordingly, we affirm the judgment of the trial court.

*Affirmed.*

Hodges, J., and Moon, J., concurred.