COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Hodges
Argued at Alexandria, Virginia

KAREN IRENE SABEAN SCHLIEPER

v.      Record No. 2219-94-4          MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
CHARLES ROY SCHLIEPER                      OCTOBER 17, 1995

            FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                   James W. Haley, Jr., Judge

        Albert H. Jacoby for appellant.

        Joan C. McKenna (Rae H. Ely; Rae H. Ely & Associates, on
        brief), for appellee.


        In this domestic appeal, Karen Irene Sabean Schlieper (wife)

argues that the trial court erred in:  (1) entering the final

decree when she did not receive notice of entry or a copy of the

decree; (2) refusing to hold a hearing on wife's exceptions to

the commissioner's report or to allow her to present additional

evidence; and (3) awarding husband $3500 in attorney's fees.

Finding no error, we affirm the decision of the trial court.

                            **BACKGROUND**

        Charles Roy Schlieper (husband) filed a bill of complaint

requesting a divorce on December 17, 1992, and served wife at the

marital residence, 38 Hidden Lake Drive, Stafford, Virginia.  He

served Interrogatories and a Request for Production of Documents

on January 12, 1993.  Wife did not respond until April 8, 1993,

and provided incomplete answers.  In November 1993, husband filed

---

[*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

a motion to compel discovery, a motion to inspect the marital residence, and a notice to take wife's deposition. Wife agreed to the inspection and deposition, and husband withdrew the motions. Wife did not appear for the inspection or deposition scheduled for December 10, 1993.

The trial court referred the case to a commissioner in chancery on August 9, 1993. The commissioner scheduled a hearing for January 17, 1994. Before the hearing on January 12, 1994, wife's attorney withdrew from the case. The commissioner refused to continue the case. At the January 17, 1994 hearing, wife presented no evidence but reserved her right to do so at a later date. Wife made no motion to present additional evidence, and after more than six months elapsed, the commissioner submitted his report on August 5, 1994. In his report, the commissioner recommended that the trial court: (1) deny any motion by wife to present evidence, and (2) award husband $3500 in attorney's fees for discovery abuse by wife. The commissioner mailed a copy of his report to the marital residence, the address where wife had earlier been served. Wife did not receive notice of the report until August 18, 1994. Wife filed exceptions to the report on September 1, 1994, more than ten days after entry of the commissioner's report.

On September 26, 1994, husband mailed notice of entry of the final decree of divorce on October 3, 1994, and a copy of the proposed final decree to wife at the marital residence. Wife

2

failed to appear on October 3, 1994, and the trial court entered the final decree. Wife never provided the clerk with any address other than the one at which she was originally served.

## NOTICE OF FINAL DECREE

Wife argues that she never received notice of entry of the final decree or a copy of the final decree because husband mailed the notice and decree to the wrong address. She asserts that the mailing address of the marital residence is different from the street address.

> Code § 8.01-319(A) provides as follows:
> A party, who appears pro se in an action, shall file with the clerk of the court in which the action is pending a written statement of his place of residence and mailing address, and shall inform the clerk in writing of any changes of residence and mailing address during the pendency of the action. The clerk and all parties to the action may rely on the last written statement filed as aforesaid. The court in which the action is pending may dispense with such notice for failure of the party to file the statement herein provided for or may require notice to be given in such manner as the court may determine.

See also Eddine v. Eddine, 12 Va. App. 760, 764, 406 S.E.2d 914, 917 (1991) (holding that, if a pro se party fails to provide an address statement, the court may dispense with notice of proceedings). In Eddine, the Court explained the reasoning behind Code § 8.01-319(A) as follows:

> The failure to provide an address sufficient to ensure such notice may prevent a case from proceeding in an orderly manner. If a litigant wishes to be informed of the proceedings, he or she must either keep the

3

court advised of where service may be

> accomplished or be represented by counsel
> upon whom service may be had.

Id. (citation omitted).

In this case, wife failed to provide a written statement of her address to the clerk of the trial court after her attorney withdrew from the case. Husband mailed the notice and a copy of the decree to the marital residence, where wife was served with the bill of complaint. Wife's own failure to notify the court and husband of her proper mailing address resulted in her not receiving notice of entry of the final decree. Under these circumstances, the trial court did not err in entering the final decree in wife's absence.

### FAILURE TO HOLD HEARING

Wife next contends that the trial judge erred in failing to hold a hearing allowing her to argue her exceptions to the final decree or to present additional evidence.

> Code § 8.01-615 provides as follows:
> A cause may be heard by the court upon a commissioner's report. Subject to the Rules of Court regarding dispensing with notice of taking proofs and other proceedings, reasonable notice of such hearing shall be given to counsel of record and to parties not represented by counsel. Exceptions to the commissioner's report shall be filed within ten days after the report has been filed with the court, or for good cause shown, at a later time specified by the court.

(Emphasis added).

In this case, the trial judge did not abuse his discretion in refusing to hold a hearing allowing wife to argue her

5

exceptions and to present evidence. Wife filed her exceptions on September 1, 1994, more than ten days after the filing of the commissioner's report on August 5, 1994 and, additionally, more than ten days after she received notice of the report on August 18, 1994. Wife had over six months to request to present additional evidence or argument to the commissioner and failed to do so. Upon this record, we find no abuse of discretion on the part of the trial court.

## ATTORNEY'S FEES

Lastly, wife argues that the trial court erred in awarding husband $3500 in attorney's fees because husband failed to provide an itemization of the expenses incurred.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "Although evidence of time expended by counsel and the charges made to the client is the preferred basis upon which a trial judge can formulate a reasonable award, it is not the only basis." Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989) (quoting McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985)).

In this case, the trial judge did not abuse his discretion in awarding husband $3500 in attorney's fees. The record shows wife's continuing abuse of the discovery process. Her responses to husband's interrogatories were late and incomplete, and she

6

failed to attend the inspection of the marital residence and the deposition scheduled for December 10, 1993.  As this Court noted in <u>Davis</u>, "[a] trial court is aware of the usual charges within its jurisdiction, and 'a relatively modest award may be found to be reasonable.'"  8 Va. App. at 17, 377 S.E.2d at 643.  Under these circumstances, the attorney's fees award was reasonable.

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed</u>.
