COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys, and Senior Judge Overton


ELIZABETH R. McLEAN AND
 SUSAN POLLACK, AS GUARDIAN AND
 CONSERVATOR OF ELIZABETH R. McLEAN
                                                    MEMORANDUM OPINION[*]
v.        Record No. 2908-03-4                         PER CURAIM
                                                       APRIL 6, 2004
JOHN HULL McLEAN, III


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     R. Terrence Ney, Judge

         (Sandra L. Havrilak; Thomas P. Sotelo; The Havrilak Law Firm,
         P.C., on brief), for appellants.

         (Carol L. Ehlenberger; Paula A. Niederman; Craig & Hirsch, P.C.,
         on brief), for appellee.


        Elizabeth R. McLean (wife) and Susan Pollack, as wife's guardian and conservator, appeal

the October 23, 2003 final decree awarding John Hull McLean, III (husband) a divorce,

incorporating the parties' spousal support and separation agreements, and requiring each party to be

responsible for his or her attorney's fees and costs.  Wife contends the trial court abused its

discretion by denying her an award of attorney's fees and costs.  She also asks that she be awarded

fees and costs in connection with this appeal.  Husband also seeks attorney's fees incurred in

connection with this appeal.  Upon reviewing the record and briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court, see Rule 5A:27,

and we deny the requests for attorney fees for this appeal.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

Husband and wife married on June 17, 1972. One child was born of the marriage - - an emancipated son. On January 19, 1999, husband petitioned the circuit court to be appointed wife's guardian and conservator. The court determined wife was incapacitated, denied husband's request to be wife's guardian, and appointed Pollack as wife's guardian and conservator.

On May 6, 2002, husband filed a bill of complaint seeking a divorce from wife on the ground that the parties had lived separate and apart. Wife, through her guardian, filed an answer and cross-bill asking for a divorce. The parties entered into a separation and property settlement agreement disposing of all property issues between them. They also entered into a spousal support agreement wherein husband agreed to pay wife $1,810 per month in support. Following a September 16, 2003 hearing, the court found "no basis in law to award attorney's fees."

Analysis

I.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The court's goal is to make a determination, which is reasonable under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The record demonstrates the parties' assets were divided almost equally, husband's spousal support obligation represents almost forty percent of his take-home income, and husband agreed to provide wife with half of his pension when that becomes due at his retirement. In support of her argument that the trial judge erred, wife cites the following language in Thomas v. Thomas, 217 Va. 502, 229 S.E.2d 887 (1976): "[W]here . . . the trial court finds [that] the wife

needs and is entitled to maintenance and support and the husband has the financial ability to meet those needs, its failure to award counsel fees to her is, in our opinion, an abuse of [its] discretion." Id. at 505, 229 S.E.2d at 890.

We previously have addressed the Thomas holding.

> We do not believe that the court in Thomas intended to adopt a rule that whenever a wife is granted support, the trial court must automatically award attorney's fees. An award of attorney's fees to a party in a divorce suit is a matter for the trial court's sound discretion after considering the circumstances and equities of the entire case. See Rowand v. Rowand, 215 Va. 344, 346-47, 210 S.E.2d 149, 151 (1974).

Artis v. Artis, 4 Va. App. 132, 138, 354 S.E.2d 812, 815 (1987). Upon our review of this record, we hold that the trial court permissibly considered, as one of several factors, the fact that husband was not at fault in the dissolution of the marriage. See Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989). Furthermore, unlike cases in which attorney's fees have been awarded, this case was not a prolonged contested action and did not involve excessive discovery or numerous motions. See id. at 18, 377 S.E.2d at 643. See also Via v. Via, 14 Va. App. 868, 872, 419 S.E.2d 431, 434 (1992).

Under these circumstances, we cannot conclude that the trial court abused its discretion in denying wife's request. The court considered all the circumstances and made a reasonable determination.

II.

Both parties request costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

- 3 -

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  In this context, and upon consideration of the entire record, we hold that neither party is entitled to costs or attorney's fees in the matter.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.