COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Huff and Senior Judge Frank
Argued by videoconference

UNPUBLISHED

KEITH LEE DAVIS

v.      Record No. 0190-20-4

RITA CORCORAN DAVIS

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
OCTOBER 27, 2020

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge[1]

Robert F. Beard (Robert F. Beard, PLC, on brief), for appellant.

Anthony C. Williams (Williams Stone Carpenter Buczek, PC, on
brief), for appellee.

Keith Lee Davis (husband) argues that the trial court erred in finding cruelty as the grounds

for divorce from Rita Corcoran Davis (wife), erred in allowing wife to amend her complaint to

include a request for spousal support, and erred in sanctioning husband for failing to provide

discovery.  For the reasons below, we affirm.

BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Charles S. Sharp signed the final decree of divorce on January 10, 2020, the order
adopting the property settlement agreement on May 28, 2019, and the order compelling
discovery on July 1, 2019.  Judge J. Howe Brown signed the order compelling compliance with
discovery dated September 3, 2019, and the order finding husband in contempt and ordering
sanctions dated December 2, 2019.

We view the evidence in the light most favorable to the prevailing party, granting to the prevailing party the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258 (2003).

Wife filed a complaint for divorce on August 18, 2018, alleging cruelty. The parties exchanged discovery requests, including one dated December 14, 2018, that wife propounded on husband. On February 6, 2019, husband and wife signed a property settlement agreement (PSA) that stated both parties agreed they had sufficient access to the

> books, records, and files of the other and has been provided a fair and reasonable disclosure of the nature, extent, and value of the separate and jointly owned property of the parties and the income and obligations of the parties. Further, each does hereby voluntarily and expressly waive any rights to disclosure of the property or financial obligations of the other party beyond the disclosure provided. This Agreement is fair and equitable and entered into voluntarily for valuable consideration.

The trial for the divorce was held on March 5, 2019. At that time, wife attempted to introduce evidence related to husband's contributions to the marriage. Husband objected that the testimony was irrelevant because spousal support had not been included in the complaint and was therefore not before the court. In response, wife requested leave to amend the complaint, and the court granted the request over husband's objection. After the trial was continued, wife filed a motion to compel husband's compliance with wife's original discovery request.

On May 28, 2019, the trial court held a hearing after which it "ratified, confirmed, incorporated and approved" the parties' February 6, 2019 PSA "pursuant to Virginia Code Section 20-109.1." Wife objected to the trial court's approval of the PSA she had signed "to the extent" it prevented her from obtaining additional discovery. On July 1, 2019, the court entered an order "[a]fter hearing evidence and argument from counsel for Husband and Wife [on May 28, 2019]," directing husband to comply with wife's December 14, 2018 discovery requests. No transcript or statement of facts from this hearing appears in the record. When husband failed to

- 2 -

comply with the order, the trial court imposed sanctions, including payment of attorney's fees and a restriction on the evidence husband could present at trial.

On January 10, 2020, after a hearing, the trial court entered the final decree of divorce on the grounds of cruelty. Husband now appeals.

GROUNDS OF DIVORCE

Husband argues the "trial court erred in granting [wife's] divorce on the grounds of cruelty." We accept the trial court's findings of fact unless they are plainly wrong or without evidence to support them; whether those facts are sufficient to support divorce on the grounds of cruelty is a question of law that we view *de novo*. Upchurch v. Upchurch, 194 Va. 990, 1001 (1953).

Husband argues that, as in Capps v. Capps, 216 Va. 382 (1975), the single alleged act of physical abuse against wife was insufficient as a matter of law to constitute cruelty. See Capps, 216 Va. at 384 ("A single act of physical cruelty does not constitute ground for divorce, unless it is so severe and atrocious as to endanger life, or unless the act indicates an intention to do serious bodily harm or causes reasonable apprehension of serious danger in the future, or the precedent or attendant circumstances show that the acts are likely to be repeated."). The general rule in Virginia is that a single act of physical abuse normally cannot constitute grounds for divorce. Davis v. Davis, 8 Va. App. 12, 15 (1989). The single act may, however, constitute a ground for divorce if the act is "so severe and atrocious as to endanger life, if it indicates an intention to do serious bodily harm, if it causes reasonable apprehension of serious danger in the future, or if the precedent or attendant circumstances show that the acts are likely to be repeated." Id.

Here, the trial court considered the continuing and escalating behavior of husband. The trial court found that husband's behavior "ultimately culminated in a physical abuse as corroborated by the description of the event, the injuries as indicated in the photograph, the

issuance of a protective order and a conviction for assault and battery." The court recognized this was not a single, isolated event; rather, it was the culmination of a pattern of behavior by husband. The court made the following findings of fact:

> In his own words, Mr. Davis suffered from anger and self-centeredness. And the [c]ourt finds without question that that is what led to the dissolution of this marriage. The [c]ourt finds that there was evidence, as I indicated in the motion to strike, about prior physical encounters with others, which would raise a reasonable apprehension of injury in anybody's mind that coupled with his anger, his ingestion of alcoholic beverages, and his entire attitude, an attitude which was dismissive and condescending, to use some of the words I've heard in this testimony to his wife[.]

Moreover, the court acknowledged "evidence of an ongoing dissipation of this relationship, which because of other physical encounters between Mr. Davis and others would give rise to a reasonable person some fear as to his actions, particularly when angry and particularly when intoxicated."

There were sufficient facts for the trial court to conclude that husband's pattern of behavior, culminating in the battery for which he was convicted, would "cause[ a] reasonable apprehension of serious danger in the future" or would be "likely to be repeated." See Davis, 8 Va. App. at 15. Therefore, the court did not err in granting the divorce on the basis of cruelty.

MOTION TO AMEND

The trial court granted wife's motion to amend the pleadings to include a request for spousal support. Husband argues that the trial court abused its discretion in granting the motion because wife made no showing of good cause to the court and the trial was already underway.

"The decision to permit a party to amend a pleading is discretionary with the trial court. It is reviewable by this Court only for an abuse of that discretion." Thompson v. Thompson, 6 Va. App. 277, 281 (1988). Rule 1:8 directs that "[l]eave to amend shall be liberally granted in furtherance of the ends of justice."

- 4 -

Here, the trial court acknowledged that the complaint did not request spousal support, but the court also noted that both counsel agreed that spousal support was discussed during two pre-trial mediation conferences. Requests for documents related to spousal support were included in discovery requests. Moreover, the PSA signed by the parties on February 6, 2019, stated that "Wife and Husband acknowledge that they are unable to agree at this time on the issue of spousal support and that the issue will be litigated on March 5, 2019." When husband signed the PSA, he was thus agreeing that the trial court would decide the issue of spousal support during the trial. It was therefore not an abuse of discretion for the trial court to allow amendment of the pleadings when husband tried to preclude wife from entering evidence related to spousal support.

DISCOVERY ISSUES

The trial court found husband in contempt for not complying with wife's discovery requests. As a sanction for contempt, the trial court barred husband from introducing rebuttal evidence related to husband's property, income, and expenses. The trial court also awarded wife attorney's fees related to the contempt proceedings. Husband argues the trial court erred in awarding attorney's fees because the parties' PSA stated each party would pay their own attorney's fees, erred in precluding evidence because the PSA waived further disclosure of property or financial obligations, erred in refusing to admit evidence related to husband's interest in a farm property as a contempt sanction, and erred in valuing husband's income because it did not include those expenses precluded by the court's sanctions.

When the parties signed the PSA on February 6, 2019, they agreed that each party had "had full access to the books, records, and files of the other and ha[d] been provided a fair and reasonable disclosure of the nature, extent, and value of the separate and jointly owned property of the parties and the income and obligations of the parties." Further, by signing, each party

"expressly waive[d] any rights to disclosure of" further discovery. On July 1, 2019, the trial court signed the order to compel husband's production of documents requested by wife in December 2017. The order reflects that it was entered "[a]fter hearing evidence and argument from counsel for Husband and Wife" on May 28, 2019, which was the same date the trial court ratified, confirmed, incorporated, and approved the parties' PSA.

Despite the fact that the order notes that the trial court heard evidence and argument regarding the issue, there is no transcript or statement of facts in the record of this hearing. As a result, we cannot review the trial court's reasoning in compelling discovery when the PSA expressly waives all further right to discovery. We cannot consider whether the arguments wife made to the trial court were meritorious, or, indeed, whether wife made any argument at all. "We cannot review the ruling of a lower court for error when the appellant does not . . . provide us with a record that adequately demonstrates that the court erred." Lawlor v. Commonwealth, 285 Va. 187, 259 (2013) (quoting Prince Seating Corp. v. Rabideau, 275 Va. 468, 470 (2008)). Consequently, we cannot consider whether the trial court erred in compelling husband to provide discovery after the PSA was signed. Accordingly, we cannot consider husband's argument that the trial court erred in sanctioning him for failure to comply by refusing to consider rebuttal evidence (assignments of error 3, 4, and 5) and in awarding attorney's fees for litigation of the motion to compel (assignment of error 2).

Wife requested attorney's fees in connection with this appeal. After consideration of the request, we decline to award attorney's fees to wife.

CONCLUSION

For the reasons given above, the trial court's decisions are affirmed.

Affirmed.