## CIRCUIT COURT OF NELSON COUNTY

Delmas Truslow
and Tina Truslow

v.

Clen Stevens
and Becky Stevens

September 10, 2004

Case No. CH02-0108

BY JUDGE J. MICHAEL GAMBLE

I am writing to give the decision of the Court in the above case. In this regard, the Court finds that the plaintiffs have established by clear and convincing evidence that a constructive trust be imposed on approximately one acre of the 4.783 acres of the defendants. This one acre parcel of land shall encompass the mobile home, septic system, and well placed upon the real estate by the plaintiffs. The constructive trust is for the benefit of the plaintiffs. The defendants are ordered not to alienate or encumber the 4.783 until a survey is complete. The plaintiffs are directed to bear all costs of the survey and to have the survey completed by January 1, 2005. The Court's reasons for these rulings are set forth below.

A constructive trust is a trust which the law creates, independently of the intention of the parties, to prevent fraud or injustice. *Porter v. Shaffer*, 147 Va. 921, 928, 133 S.E. 614 (1926). Quoting 1 *Minor on Real Property*, § 462, the Supreme Court of Virginia has stated:

> Constructive trusts arise, independently of the intention of the parties, by construction of law; being fastened upon the conscience of him who has legal estate, in order to prevent what otherwise would be a fraud. They occur not only when property has been acquired by fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of

equity that it should be retained, at least for the acquirer's own benefit.

*Leonard v. Counts*, 221 Va. 582, 589, 272 S.E.2d 190 (1980).

Proof of a constructive trust must be clear and convincing. *Richardson v. Richardson*, 242 Va. 242, 245, 409 S.E.2d 148 (1991).

In the instant case, the Court finds that it would be contrary to the principles of equity that defendants retain title to the one acre. The evidence establishes that Clen Stevens and Mary Stevens were the godparents of Delmas Truslow. He lived about one-half of his childhood with Clen Stevens and Mary Stevens. Clen Stevens and Mary Stevens were approached by Delmas Truslow about buying a portion of their land to locate a mobile home. Clen Stevens and Mary Stevens stated that they would give him the land. This is corroborated by the special use permit filed by Delmas Truslow with the Nelson County Zoning Administrator in 1992. On the plat attached to the special use permit it is noted that Clen Stevens "stated that he will be conveying a one (1) acre portion of this 4.783 acre to his god son. . . ." Relying upon this, Delmas Truslow purchased a mobile home, paid for a septic system, paid for a well, and paid for other miscellaneous expenses. The total of these payments was almost $8,000.00.

After encouraging Delmas Truslow to place his mobile home on the real estate and incur related expenses, it would now be unjust to allow defendants to retain title to the one acre. A constructive trust is the mechanism by which a person holding legal title to property is subjected to the equitable duty to convey property to another rather than retain it when such retention would be "unjust." *Buchanan v. Buchanan*, 266 Va. 207, 214, 585 S.E.2d 533 (2003).

Because Delmas and Tina Truslow have not paid any money for this real estate, it is equitable that they should pay for the survey. Accordingly, it is directed that they prepare this survey by January 1, 2005.

This case will remain on the docket for the Court to approve the survey.