# CIRCUIT COURT OF THE CITY OF ROANOKE

Vogen Funding, L.P.

    v.

Stephen Wener et al.

August 10, 2009

Case No. CL09-167

BY JUDGE CLIFFORD R. WECKSTEIN

Under a written contract (the "Loan Agreement"), Vogen Funding, L.P., loaned $2,400,000 to New River Industries, Inc. In short order, New River filed for bankruptcy protection, and the bankruptcy court extinguished its obligations to repay Vogen. For the reasons discussed below, the court states the facts in the light most favorable to Vogen, assuming that all factual assertions in the complaint are true and drawing any inferences in aid of the plaintiff's complaint. This suit is Vogen's effort to recoup from others the money it loaned to New River. In a nineteen-page, nine-count complaint, Vogen advanced alternative theories of liability and recovery against eleven individuals and two corporations. Three of these claims, including all claims against one of the defendants, have been disposed of. Vogen has nonsuited Counts IV (civil conspiracy) and VI (constructive fraud by Republic Associates) of the complaint, and the court has sustained defendant Michael Diamond's demurrers to Count VII. All that remains on these claims is for the court to enter the formal orders granting the nonsuits and sustaining the demurrers. In this letter-opinion, the court, ruling on demurrers, determines the legal vitality of the remaining claims.

As more fully explained below, the court sustains the demurrers to Counts I and II of the complaint because governing case law requires it to do so and because Vogen has not set forth facts that would support a claim sounding in tort; sustains the demurrers to Count III for failure to plead with requisite particularity and because the relief sought is not authorized; and overrules the demurrer to Count V.

## The Defendants and the Claims against Them

The defendants are ten individuals, known as the "Executive Defendants," who were officers or directors of New River, Stephen Wener, Kenneth C. Ehrhardt, G. Barry Morrow, Paul S. Poandl, Kurt T. Borowsky, William Cohen, Howard Rubin, J. Douglas Smith, John J. Hickey, Jr., and Raymond Hutchinson, and Dillon Yarn Corporation, an entity of which one of the Executive Defendants was an owner, officer, or director; and Republic Associates, Inc., a corporation retained to appraise tangible assets of New River in connection with the Vogen–New River contract.

In Counts I and II of its complaint, Vogen seeks money judgments against the Executive Defendants for fraud in the inducement, constructive fraud, or both.

In Count III, Vogen asks the court to impose a constructive trust upon assets owned by Dillon Yarn and the Executive Defendants, alleging that funds were fraudulently transferred from New River to the Executive Defendants and Dillon Yarn in violation of the Fraudulent Conveyances Act, Virginia Code § 55-80.

Finally, in Count V, Vogen seeks a separate money judgment against Republic Associates, claiming damages for breach of contract between Republic Associates and Vogen. The allegations against Republic Associates are discussed in more detail below.

## Demurrers

The court has before it demurrers to each of the plaintiff's claims. The purpose of a demurrer is to determine whether the complaint states facts that, if proven, would entitle the plaintiff to the relief requested. *Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 204, 684 S.E.2d 290 (2007). "A demurrer admits the truth of all properly pleaded material facts. All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law." *Bell v. Saunders*, 278 Va. 49, 53, 677 S.E.2d

39 (2009) (internal quotation marks and citations omitted). A demurrer should not be sustained if its effect would be to incorrectly "short-circuit" litigation and erroneously deprive parties of trials on the merits. *Fultz v. Delhaize America, Inc.*, 278 Va. 84, 88, 677 S.E.2d 272 (2009); *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993).

## The Fraud Claims

The fraudulent inducement claim in Count I of Vogen's complaint is legally indistinguishable from the plaintiff's claim in *Augusta Mut. Ins. v. Mason*, 274 Va. at 206. Vogen's arguments are remarkably like those that the Supreme Court rejected in *Mason*, and this court's decision on the fraud claims is controlled by *Mason*.

## Recovery in Tort

"[F]raud is a tort." *Ward's Equip. v. New Holland North Am., Inc.*, 254 Va. 379, 385, 493 S.E.2d 516 (1997). The "tort concept" requires proof of "duty, violation of duty, proximate cause, and damages." *Glisson v. Loxley*, 235 Va. 62, 66, 366 S.E.2d 68 (1988). To recover in tort, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Mason*, 274 Va. at 205. "The mere use of violent terms in characterizing the procurement of a contract and its breach will not avail to convert a breach of the contract into a tort." *Jewett v. Ware*, 107 Va. 802, 806, 60 S.E. 131 (1908).

Count I of Vogen's complaint (captioned "Fraud In The Inducement — The Executive Defendants") contains 33 numbered paragraphs. The first of these paragraphs "realleges" the first 24 paragraphs of the complaint. The next 32 paragraphs hinge upon, revolve around, and are based upon the Loan Agreement between Vogen and New River and upon Vogen's understandings, expectations, and desires in connection with that Loan Agreement. Indeed, in its "Response Brief to Opposition Demurrers," Vogen concedes that "the factual underpinning of Vogen's Complaint grows out of a written Loan Agreement entered into by Vogen and a non-party entity known as New River Industries, Inc." *Id.* at 2. Nonetheless, Vogen argues that it has stated grounds upon which relief can be granted because "an independent commercial relationship between Vogen and the Executive Defendants" existed "[s]eparate and apart from that underlying contractual relationship." *Id.* 2-3. The complaint, however, is bereft of facts from which that conclusion could be reached.

In Count II, captioned "Constructive Fraud — The Executive Defendants," the complaint avers that "the Executive Defendants' conduct constitutes a breach of legal and/or equitable duty which, because of its tendency to deceive Vogen and undermine both public and private confidence in the commercial lending process, constitutes a constructive fraud, regardless of the Executive Defendants' actual intent to defraud or mislead." This is, of course, a purely conclusory statement.

Neither Count I nor Count II of the complaint identifies the existence and breach of "a common law duty, not one existing between the parties solely by virtue of the contract." *Mason*, 274 Va. at 205. " 'The law of torts provides redress only for the violation of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interests of society.' *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004)." *Mason*, 274 Va. at 207.

For the foregoing reasons, and because the Supreme Court of Virginia "continue[s] in our commitment to 'safeguard against turning every breach of contract into an actionable claim for fraud'," *McDevitt*, 256 Va. at 560, the court sustains the demurrers to Counts I and II of the complaint.

### *The Fraudulent Conveyance Claim*

Virginia Code § 55-80 reads:

> Every gift, conveyance, assignment, or transfer of, or charge upon, any estate, real or personal, every suit commenced or decree, judgment, or execution suffered or obtained and every bond or other writing given with intent to delay, hinder, or defraud creditors, purchasers, or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.

To state a claim under this statute, Vogen must set forth facts, not legal conclusions. The complaint, as written, however, fails to do so, simply averring that New River transferred assets to Executive Defendants and to Dillon Yarn in violation of this statute.

When fraud is alleged, the complaint must "show specifically in what the fraud consists; since [fraud] must be clearly proved, it must be distinctly stated." *Mortarino v. Consultant Eng. Svces., Inc.*, 251 Va. 289, 295, 467 S.E.2d 778 (1996). The degree of specificity required is illustrated in *Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849, 858, 241 S.E.2d 778 (1978), in which the Court noted that the plaintiff's "allegations lack the specificity required to make out a case of fraud. The identities of the agents, officers, and employees of [defendant] who are alleged to have perpetrated the fraud are not revealed, or the details of the time and place where the fraudulent acts occurred. The allegations are too vague, indefinite, and conclusory to state a cause of action." *Id.*

In *Buchanan v. Buchanan*, 266 Va. 207, 213, 585 S.E.2d 533 (2003), the Supreme Court held (although arguably in dictum) that imposition of a constructive trust is not an appropriate remedy for a fraudulent conveyance.

The plaintiff's pleadings also beg, but do not answer, the question of whether New River's bankruptcy trustee is an essential party to the fraudulent transfer claim.

For all of these reasons, the Court will sustain the demurrers to Count III of the complaint.

### The Breach of Contract Claim

Count V of Vogen's complaint is a straightforward breach of contract claim, straightforwardly pleaded. Reading the complaint as it must be read on demurrer, these are the relevant facts: Vogen is a limited partnership whose general partner is CapX Associates. Exercising due diligence before entering into a creditor–lender relationship with New River, Vogen, through its general partner and agent, CapX, hired Republic Associates to conduct an on-site inspection and estimate the "liquidation value" of equipment owned by New River which would secure repayment of Vogen's loan to New River. Republic Associates did not conduct an on-site inspection and, as a result, delivered an estimate that was too high. Vogen relied on this estimate in deciding to make the loan to New River, thereby suffering substantial financial loss.

Republic Associates' demurrer is based upon the assertion that its contract was with CapX, not Vogen. This is a matter of proof, not pleading. " 'A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof.' *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003)." *Mason*, 274 Va. at 204.

*Conclusion*

For the reasons set forth above, the court will sustain the demurrers to Counts I, II, and III of the complaint and will overrule the demurrer to Count V.

I am dubious about the ability of the plaintiff to successfully replead the claims alleged in Counts I and II of its complaint. Recognizing that "[a] trial court may properly deny a motion for leave to amend when it is apparent that such an amendment would accomplish nothing more than provide opportunity for reargument of questions already decided," *Ward's Equip.*, 254 Va. at 387, the court will nonetheless give Vogen the opportunity, if it wishes, to replead each of the claims to which a demurrer has been sustained. This is not an invitation "for reargument of questions already decided."

Will counsel for the Executive Defendants please prepare and promptly tender a duly-endorsed order consistent with, and incorporating, this letter-opinion, preserving all objections? That order should provide that each claim to which a demurrer has been sustained will stand dismissed with prejudice unless the plaintiff repleads within twenty-one days of the date of entry of the order.