COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, O'Brien and Russell
Argued at Salem, Virginia

ROBERT LYNN McDANIEL

v.     Record No. 0597-15-3

GINNY WHITE GRIFFITH

MEMORANDUM OPINION[*] BY
JUDGE TERESA M. CHAFIN
APRIL 12, 2016

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

Philip B. Baker (Sanzone & Baker, L.L.P., on brief), for appellant.

Ronald R. Tweel (Elizabeth P. Coughter; Michie Hamlett Lowry
Rasmussen & Tweel PLLC, on brief), for appellee.


Robert McDaniel ("husband") and Ginny Griffith ("wife") entered into a premarital

agreement dated December 12, 2008, which was incorporated into a final decree of divorce on

May 25, 2010. Husband filed a contempt motion seeking enforcement of the final decree. The

circuit court heard argument on the contempt motion and issued a letter opinion dismissing

husband's contempt motion, stating that the "[u]se of contempt power is misplaced without a clear

and definite contractual provision in the Premarital Agreement pertaining to ongoing construction

post separation." Husband thereafter filed a motion for reconsideration. After considering all the

evidence, testimony, and briefs, the circuit court denied husband's contempt motion, motion for

reconsideration, and the relief husband requested in his civil complaint for breach of contract. The

circuit court entered its final order on March 17, 2015, dismissing with prejudice both husband's

motion to show cause and civil complaint as well as his *quantum meruit* claim.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, husband contends that the circuit court erred by: (1) finding ambiguity in the parties' premarital agreement and allowing parol evidence to explain the parties' intent concerning that agreement; (2) finding that wife had not received notice of the ongoing construction contemplated by the premarital agreement and that the failure to provide notice constituted a breach of contract by husband; and (3) finding that *quantum meruit* cannot be awarded to husband for the value of improvements he made to the former marital residence, in the absence of a specific request for such relief in a breach of contract proceeding. For the reasons that follow, we reverse the judgment of the circuit court and remand for further proceedings consistent with our ruling.[1]

## Background

On appeal, we review the evidence in the light most favorable to wife, as the party prevailing below, and grant to her all reasonable inferences fairly deducible therefrom. See Shiembob v. Shiembob, 55 Va. App. 234, 237, 685 S.E.2d 192, 194 (2009).

The parties entered into a premarital agreement dated December 12, 2008, which was incorporated into a final decree of divorce on May 25, 2010. Prior to the dissolution of the marriage, the parties had one significant marital asset – a home they were building in Bedford County. This asset was addressed in paragraph 17B of the premarital agreement, which reads as follows:

> Husband has acquired certain real estate located off of Holcomb Rock Road in Bedford County, Virginia. The parties mutually agree that the aforesaid real estate shall be redeeded into joint names. The intention of the parties is to build a home on this real estate. Each party agrees to pay one-half (l/2) of the cost of the building of the home. Husband shall be credited toward his one-half (1/2) of the total cost with the actual cost of the real estate that he has acquired and is presently deeded into his sole name. The parties further agree that this real estate shall be marital and

---

[1] We deny wife's motion to dismiss the appeal.

shall be redeeded into both names as tenants by the entireties with the right of survivorship.

Prior to their separation on September 12, 2009, husband and wife hired Eric Illemszky, wife's cousin, to construct the residence. Illemszky, with wife as his primary contact, directed the construction of the house from approximately January 2009 through the summer of 2009. Illemszky suspended his work in September 2009 and did not work on the property thereafter. Wife did not seek husband's prior consent before Illemszky's work on the house was stopped.

In February of 2010, husband signed a contract with Max Henderson of J.M. Henderson Construction Co. to perform construction on the home. Husband testified that the property had fallen into disrepair, was exposed to the elements, and needed to be enclosed to protect it from damage. Husband admits that he did not contact wife due to a restraining order and did not consult her before hiring Henderson. Wife first voiced her concerns about the Henderson construction by letter from her attorney dated June 24, 2010.

Pursuant to the premarital agreement, husband conveyed the property to both husband and wife on February 19, 2010. Husband made the decision to continue construction of the home with the expectation that wife would reimburse half the costs of building the home, per the premarital agreement. Husband paid $201,896.76 to Henderson for the construction of the house. Wife has not reimbursed husband for any of the construction cost.

The circuit court opined that husband's

> unauthorized unilateral act of hiring Henderson to complete
> construction of the marital home was a first material breach of the
> Premarital Agreement. The clear intent of the parties was to
> jointly construct a marital home when they executed the Premarital
> Agreement in 2008. The intent of the parties in February of 2010
> was to sell the property and recoup as much of their individual
> investments as possible. It was even more important in 2010 than
> it was in 2008 for the parties to work together jointly regarding
> construction matters. Without the approval, input or knowledge of
> [wife], [husband] entered into a contract with Henderson to

> complete construction of the home for the total sum of
> $496,875.00. This first material breach by [husband] precludes
> him from enforcing the Premarital Agreement against [wife] under
> a breach of contract cause of action.

The circuit court went on to say that

> [husband] has also argued that equity dictates that [husband] be
> reimbursed by [wife]. As argued by [wife], this matter was pled
> solely as a law action and not a *Quantum Meruit* equity action.
> Consequently, this Court has decided the matter solely on the
> breach of contract action as pled.

This appeal followed.

### Analysis

Husband contends on appeal that the circuit court erred in finding ambiguity in the premarital agreement and in allowing parol evidence to explain the parties' intent. Husband argues that the language providing that each party will share in the costs of the building of the home is clear and unambiguous. He also contends the court erred by finding that he breached the contract.

Premarital agreements are subject to the same rules of construction and interpretation as other contracts. Davis v. Davis, 239 Va. 657, 662, 391 S.E.2d 255, 257 (1990). This Court reviews the circuit court's interpretation of contracts *de novo*. See Pocahontas Mining L.L.C. v. CNX Gas Co., 276 Va. 346, 352, 666 S.E.2d 527, 530 (2008). Thus, "we are not bound by the trial court's construction of the contract provision here in issue." Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984). "We have an equal opportunity to consider the words within the four corners of the disputed provision." Id. at 188, 313 S.E.2d at 398.

It is well established that the "plain meaning" rule is to be employed when interpreting contracts. Appalachian Power Co. v. Greater Lynchburg Transit Co., 236 Va. 292, 295, 374 S.E.2d 10, 12 (1988). Clear and explicit language in a contract is to be understood in accord

with its ordinary meaning, and, if the meaning is plain when read, the instrument must be given effect accordingly. Davis, 239 Va. at 662, 391 S.E.2d at 257 (Compton, J., dissenting). "Where . . . the intention of the parties has been stated plainly, a court may not fashion a different agreement for them under the guise of contract interpretation." Id.

As the contract in this case was not ambiguous, we also conclude that the circuit court erred by admitting parol evidence in order to determine the intent of the parties.[2] "[I]f no patent or latent ambiguities exist, a court should enforce the plain meaning of the contractual language without resort to extrinsic evidence." Smith v. Smith, 43 Va. App. 279, 287, 597 S.E.2d 250, 254 (2004). In the premarital agreement entered into by the parties, both husband and wife agreed to "build a home" on the real estate and each party agreed to "pay one-half (1/2) of the cost of the building of the home." This language is clear and unambiguous. We find that the language of the premarital agreement was stated plainly – the parties agreed to build a home on the property and each party agreed to pay one-half of the building costs. By requiring that either party obtain the other's input or approval before making any decisions concerning the building of the home as implied by the decision of the circuit court, the circuit court effectively added a term to the contract that was not contemplated by the parties. TM Delmarva Power, L.L.C. v. NCP of Va., L.L.C., 263 Va. 116, 119, 557 S.E.2d 199, 200 (2002) (Contracts must be construed "without adding terms that were not included by the parties."). As such input or approval was not contemplated by the parties to the contract, there was no breach of contract when husband

---

[2] Wife argues that the trial court never expressly found that the agreement was ambiguous and only took a minimal amount of parol evidence to assist in interpreting the contract. Because the taking of parol evidence, no matter the amount, is permitted if an agreement is ambiguous, the trial court necessarily found the agreement ambiguous.

unilaterally hired Henderson to perform construction on the home.  Therefore, we reverse the decision of the trial court.[3]

> An agreement should be deemed "ambiguous if it may be understood in more than one way or when it refers to two or more things at the same time." Video Zone, Inc. v. KF&F Props., 267 Va. 621, 625, 594 S.E.2d 921, 923 (2004) (citations and internal quotation marks omitted).  Such a conclusion, however, does not follow "simply because the parties to the contract disagree about the meaning of its language." Pocahontas Mining L.L.C. v. Jewell Ridge Coal Corp., 263 Va. 169, 173, 556 S.E.2d 769, 771 (2002).  Instead, it must be objectively reasonable to understand the contractual language "in more than one way" or to conclude that it "refers to two or more things at once." Id.  Our task on appeal is not to determine which of the competing interpretations is the better of the two – but whether both, though contradictory, are nonetheless reasonable.

Vilseck v. Vilseck, 45 Va. App. 581, 588-89, 612 S.E.2d 746, 749-50 (2005) (footnote omitted).

Any error resulting from the introduction of parol evidence, however, was harmless. Where an error occurs, this Court will not reverse the judgment if "it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678.  A non-constitutional error is harmless if it is clear that the error "did not influence the [fact finder], or had but slight effect." Schwartz v. Schwartz, 46 Va. App. 145, 159, 616 S.E.2d 59, 66 (2005) (alteration in original) (quoting Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731 (2001)).  "[R]elevant to the harmless error analysis is whether the evidence admitted in error is merely 'cumulative' of other, undisputed evidence." Id. at 160, 616 S.E.2d at 67 (quoting Brecht v. Abrahamson, 507 U.S. 619, 639 (1993)).

---

[3] As we find that husband did not breach the premarital agreement by unilaterally hiring Henderson, we do not address appellant's second assignment of error alleging that the circuit court erred by finding that wife had not received notice of the ongoing construction and that the failure to provide notice constituted a breach of contract.

- 6 -

The only parol evidence adduced in this case established that the parties intended to build the home "together." This intention could be gleaned from the premarital agreement itself, as it states that "[t]he intention of the parties is to build a home on this real estate. Each party agrees to pay one-half (1/2) of the cost of the building of the home." Thus, the parol evidence was merely cumulative and the trial court's error in admitting it was harmless.

Finally, on appeal, husband argues that he should recover based on a theory of *quantum meruit*.[4] Because we are reversing the circuit court's decision as to breach of contract, there is no need to resort to equitable remedies. Therefore, the issue of *quantum meruit* is moot. Appellate courts do not address moot questions. See Commonwealth v. Harley, 256 Va. 216, 219, 504 S.E.2d 852, 854 (1998).

In conclusion, for the reasons stated above, we reverse the circuit court's ruling that husband was in breach of contract when he unilaterally hired Henderson to perform construction on the home. We remand to the circuit court for further proceedings consistent with our ruling.

Reversed and remanded.

---

[4] It is well settled in Virginia that "when one furnishes labor to another under a contract which, for reasons not prejudicial to the former is void and of no effect he may recover the value of his services on a *quantum meruit*." Marine Dev. Corp. v. Rodak, 225 Va. 137, 140, 300 S.E.2d 763, 765 (1983) (citing Hendrickson v. Meredith, 161 Va. 193, 198, 170 S.E. 602, 604 (1933)).